No. 34,410

Elbert W. Green, *Appellant*, v. E. T. Fortune et al., *Appellees*.

(100 P. 2d 631)

Opinion filed April 6, 1940.

A. L. Foster and W. W. Brown, both of Parsons, for the appellant.

Stuart T. McAlister and Helen Louise Mattox, both of Parsons, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action for money. Judgment was for the defendants. Plaintiff appeals.

The petition of the plaintiff alleged that in June and July of 1934 he delivered 952 bushels of wheat to the defendants' elevator; that this elevator was operated by defendants and maintained its place of business on the property of the M. K. & T. Railroad Company at St. Paul, Kan.; that during June and July, 1934, the plaintiff entered into an oral agreement with the defendants, whereby he delivered the wheat to the agent of defendants and the payment of the wheat was postponed to a date in the future, on which date defendants would make payment; the price of the wheat was to be fixed by the market price on the day plaintiff should request payment; that no payment was to become due until plaintiff informed defendants of the date when he wished payments to be made; that defendants under the oral agreement had the option of returning to plaintiff in lieu of cash payment an equal amount of wheat of like grade and quality as that delivered by plaintiff to defendants; that plaintiff first requested payment on May 8, 1937, on which date wheat of the grade and quality of that delivered by plaintiff to de-

fendants was $1.20 per bushel; that defendants had failed and refused to pay plaintiff for his wheat and there was due plaintiff from defendants $1,142.40.

It will be noted that wheat was brought to the elevator in June and July, 1934, and this action was commenced January 20, 1938. Plaintiff seeks to avoid the operation of the statute of limitations, G. S. 1935, 60-306, subdivision 2, by arguing that the cause of action did not accrue until May 8, 1937, when he demanded payment of defendants for his wheat. This argument would be persuasive if the contract pleaded were a contract of sale of the wheat at a price to be fixed in the future. We have concluded, however, that the provision in the contract that the elevator company had the option of returning to plaintiff in lieu of a cash payment an equal amount of wheat of like grade and quality, made the relationship between the parties that of bailor and bailee. In other words, the contract pleaded is a storage contract. This elevator and the contract are the type of elevator and contract with which this court dealt in the case of *Kipp v. Goffe & Carkener,* 144 Kan. 95, 58 P. 2d 102. In that case this court held that an elevator such as that described here came under the terms of R. S. 1933 Supp. 34-223 *et seq.,* and that the only business in which such an elevator could engage was the buying and selling of grain. Following the decision in that case, we hold that defendants in this case did not have authority to make a contract such as that described in the petition and the only contract made was one to buy and sell wheat; that the wheat was sold during June and July of 1934 and the cause of action accrued then. It follows that since this case was brought more than three years after the accrual of the cause of action, it was brought too late and cannot be maintained.

The judgment of the trial court is affirmed.